Caeuthers, J.,
delivered the opinion of the Court.
The question in this case, is, whether the contract for the sale of the steamboat, “ St. Francis,” by the defendant in error to Keesacker & Mason, was so complete as to pass the title. The plaintiff in error is a constable, who levied an execution in favor of Kay, upon said boat, and is sued in this action of replevin for the boat. The case turns upon the legal effect of what transpired between the contracting parties in relation to the trade. Keesacker entered into the negotiation for the purchase of the boat with R. B. Hawley, who was the agent of Bowman, the owner. They had agreed upon the terms of the purchase, which were, that they were to pay two thousand dollars in cash, and the balance in six and twelve months, for which their notes were to be executed, and a bill of sale made for the boat by the next Monday 'or Tuesday. The parties met again at the time appointed, and the bill *530 of sale did not suit the purchasers and they refused to receive it, when the parties again separated with the understanding that another bill of sale, more correct, was to be prepared. Although there was no express stipulation to that effect, yet it seems to have been the understanding of both parties, that the one was to make an acceptable bill of sale before the other was bound to pay the money and execute the notes.
Keesacker was the contracting party, but Mason had agreed to be his partner in the purchase. When the terms were agreed upon, but before they were executed, as above stated, Keesacker had, by permission, of Hawley, gone upon the boat for the . purpose of expediting the preparation for the first trip to be made with her. Before the bill of sale was delivered, or the cash paid, the levy of the execution in favor of Kay vs. Mason, was made by the plaintiff in error. This broke off the trade, and both parties declined to go on with it.
This statement of facts shows, that the case must turn upon the validity of the sale, or rather, whether the contract was. so completed as to vest the title to the boat unconditionally in Keesacker & Mason, so as io be liable to the creditors of the latter?
What is necessary to make a sale complete, is a question of law, but whether the necessary facts exist or not, is for the jury to determine. If the parties did not themselves understand the trade to be completed, but that some other material thing was to be done before the rights of either could be changed, it could not be so treated by others. It is very clear *531 in this case that the purchasers did not intend finally to close the contract until the bill of sale was correctly made cut and delivered. This seems to have been regarded on both sides as 'a condition precedent to the obligation to pay the money, or rather, it was made an essential matter in the contract, without which it was not to bind the purchasers to take or to pay. The effect of this fact does not depend upon whether a bill of sale was necessary to pass title to the property. The parties would have a right to make it a condition whether it was essential in law or not. Parties have a right to make their own terms in dealing about their property.
But it would not by any means follow, that because the parties had become bound and liable to each other as upon a contract of sale, that creditors of the vendees could seize the property and appropriate it to their debts in defiance of the contracting parties. If a seller part with goods, and by agreement is to retain the title until the price is paid, they cannot be taken by creditors of the vendee, nor can they be so taken against his right if he part with the ‘goods upon the condition that certain securities are to be furnished, or money paid before the right is passed to the vendees. In the casp before us, it cannot be understood from the facts proved, that either party considered the trade as consummated so as to change the right of property, and put it beyond the control of the parties until the bill of sale had been made, the money paid, and the notes executed. These were things to be done before either party regarded the sale as' complete, or the title to the property changed. *532 These questions were left to the jury upon a proper charge, and they have found correctly upon the proof-
2. After the jury had retired with the case, they returned into Court upon some misunderstanding as to-the testimony of a witness, and in the examination of the witness before the jury, the Court interrogated him as to points not embraced in his previous examination.To this there was no objection at the time, and it cannot now be made the ground of error.
3. After the verdict, application was made for a new trial upon sundry affidavits, showing, that Kay, the-judgment creditor of Mason, had employed Mr. Massey, of the firm of Thornton & Massey, to attend to the case, and had put him in possession of the facts of the case, and looked alone to him to manage the defence; that he was necessarily absent at the time the case came on for trial, and that Col. Thornton, without any knowledge of the case or the party, was bound to manage the defence; and that although he, Kay, was in the city and had witnesses under subpasna, yet, not knowing when the case came up for trial, he was-not present,, and his witnesses did not appear. The grounds laid are entirely insufficient to authorize a new trial. Parties are bound to give due attention to their cases, and when they are reached under the rules of the Court, they must be there and try or continue as the Court may order. There was no application to continue on account of the absence of Mr. Massey, or for the non-attendance of witnesses; and if such application had been made we are not prepared to say that the ground would have been sufficient, as one member of the firm was present. This would depend *533 'apon the discretion of tbe Court in view of the rules of practice. We do not see in this case, however, that the merits of the ease could have been changed 'by any thing that is stated in the .affidavits.
There is no error in the record., -and the judgment mil be affirmed.